IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAYBRIELL BRACY, on her own behalf and on behalf of her minor children, GANIAH BRACY and EDWARD FERGUSON, <br><br> Plaintiffs <br><br> v. <br><br> CITY OF PHILADELPHIA, <br> DETECTIVE JOSEPH CENTENO <br> Badge No. 916, <br> DETECTIVE RALPH DOMENIC <br> Badge No. 9140, <br> DETECTIVE BRIAN PETERS <br> Badge No. 8051 or 851, <br> DETECTIVE JONES <br> Badge No. 531, <br> DETECTIVE JAMES GRIFFIN <br> Badge No. 867, <br> JOHN DOE(S), <br> Individually and as Officers of the Philadelphia Police Department, <br> Defendants | CIVIL ACTION <br><br> No. 17- <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is a civil rights action brought under 42 U.S.C. §1983 and raising supplemental state-law claims concerning the actions of the defendant Philadelphia police officers on October 6, 2017 in unlawfully entering the plaintiffs' home and improperly seizing and using force against the plaintiffs, two of whom are children, in an effort to execute an arrest or search warrant when the defendants had no basis to believe that the subject of the warrant was present in the plaintiffs' home.

2. The actions of the defendant officers are the result of the failure on the part of defendant City of Philadelphia, with deliberate indifference, to establish appropriate policies and

procedures for the execution of arrest and search warrants, and the failure to properly train, supervise or discipline officers concerning compliance with legally mandated procedures for the execution of arrest and search warrants.

3. As a result of the defendants' egregious misconduct, the plaintiffs suffered physical and emotional harms and damage to their property.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §1983 and 28 U.S.C. §§1331, 1343(a)(3), 1343(a)(4), and 1367(a).

## PARTIES

5. Plaintiff Gaybriell Bracy is and was at all times relevant to this Complaint a resident of Philadelphia, Pennsylvania. She brings this suit on her own behalf and on behalf of her minor children, Ganiah Bracy, age 13, and Edward Ferguson, age 9.

6. Defendant City of Philadelphia is a municipality in the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs the below defendants.

7. Defendants Centeno, Domenic, Peters, Jones and Griffin are and were at all times relevant to this Complaint employed as Detectives and/or Police Officers in the Philadelphia Police Department acting under color of state law. They are sued in their individual capacities.

8. At all times relevant to this Complaint, all defendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused to the plaintiffs.

## FACTUAL ALLEGATIONS

9. Plaintiffs were at the residence located at 2930 Cecil B. Moore Avenue, Philadelphia, Pennsylvania in October, 2017.

10. Plaintiff Gaybriell Bracy purchased the home at 2930 Cecil B. Moore Avenue on or about May 31, 2016, and she and her family have lived in the home without interruption since the time of the purchase and have never transferred any ownership interest to any party.

11. At approximately 6:00 a.m. on October 6, 2017, Ms. Bracy was at home with her two children, Ganiah Bracy and Edward Ferguson. Curtis Wilkerson was a guest in the home.

12. There was a brief banging noise at the front door and, almost immediately, the door was broken open. The defendant officers failed to give the plaintiffs the opportunity to open the door and grant access to the premises without resort to the use of force.

13. Defendants Centeno, Domenic, Peters, Jones and Griffin ("the defendant officers"), without cause or justification, forcibly entered the premises with guns drawn and pointed at the plaintiffs, including the children.

14. One of the defendant officers showed the plaintiffs a photograph of a young African American man and asked the plaintiffs if they knew him. Plaintiffs told the officers they did not know the man.

15. While the plaintiffs were being held at gunpoint, the defendant officers searched the house.

16. The defendant officers questioned the minor plaintiff Ganiah Bracy without her mother, Gaybriell Bracy, being permitted to be present.

17. The defendant officers held the plaintiffs at gunpoint and/or by physical restraint inside their home against the plaintiffs' will.

18. The defendant officers told the plaintiffs they were looking for a man named Antwon Elliott who was wanted for murder. Plaintiffs made clear to the defendant officers that they had lived in the house for one and one-half years and did not know Antwon Elliott.

19. The warrant for Antwon Elliott and/or the premises had been prepared and sworn to by one or more of the defendant officers.

20. During the search of the property, Ms. Bracy was not permitted to comfort her children who were deeply upset and traumatized by the defendants' actions.

21. After a period of time, the defendants released the plaintiffs and left the property.

22. Before seeking the warrant for Antwon Elliott, the defendant officers failed to make appropriate inquiries and failed to conduct an appropriate investigation to determine Antwon Elliott's whereabouts or otherwise obtain current information as to his residence.

23. The defendant officers had no factual basis to believe that Antwon Elliott would be found in Ms. Bracy's home as Ms. Bracy and her family had lived in that home, without interruption, for one and one-half year period before the defendants' entry into the home.

25. The defendant officers failed to adhere to generally accepted police practices and Police Department directives regarding the requirement that officers take specific steps to ensure that there is adequate grounds to believe that a particular subject will be at a particular location prior to executing a warrant at that particular location.

26. There was no legal cause to justify the entry into the plaintiffs' home.

27. The defendants' actions in restraining the plaintiffs' movements and forcing the plaintiffs to remain in place while they searched the home constituted a stop and/or arrest of the plaintiffs.

28. There was no legal cause to justify the stop and/or arrest of the plaintiffs.

29. The defendants' actions in pointing guns at the plaintiffs, including the children, constituted a use of force against the plaintiffs.

30. There was no legal cause to justify the use of force against the plaintiffs, and any force used against the plaintiffs was unreasonable and excessive.

31. Defendant City of Philadelphia was, at the relevant time period, aware or should have been aware that the practices of Philadelphia law enforcement officers in the execution of arrest and search warrants were likely to result in constitutional violations. Based on the litigation of several civil rights matters, including, for example, *April Thompson et al. v. Mark Giordano et al.*, U.S.D.C. E.D. Pa. No. 07-cv-2339, defendant City of Philadelphia was aware or should have been aware that law enforcement officers in Philadelphia routinely fail to confirm that home addresses reported on warrants are accurate at the time they seek to execute arrest and search warrants.

32. Despite this knowledge, defendant City of Philadelphia has, with deliberate indifference, failed to institute policies, procedures, training, supervision or disciplinary measures that would prevent the unlawful entry of civilians' homes during the execution of arrest warrants.

33. At all times relevant to this Complaint, the conduct of all defendants was in willful, reckless and callous disregard of the plaintiffs' rights under federal and state law.

34. As a direct and proximate result of the conduct of all defendants, the plaintiffs suffered and continue to suffer damages, including physical and psychological harm, pain and suffering, some or all of which may be permanent, and financial losses.

## CAUSES OF ACTION

### Count I
### Plaintiffs v. Defendants Centeno, Domenic, Peters, Jones and Griffin
### Federal Constitutional Claims

35. The actions of defendants Centeno, Domenic, Peters, Jones and Griffin violated the plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution to due process of law and to be free from unlawful searches and seizures, in that the defendants caused and/or participated in the unlawful entry of the plaintiffs' home, the unlawful detention of the plaintiffs, and the unlawful use of force against the plaintiffs.

### Count II
### Plaintiffs v. Defendant City of Philadelphia
### Federal Constitutional Claims

36. The violations of the plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, the plaintiffs' damages, and/or the conduct of the individual defendants were directly and proximately caused by the actions and/or inactions of defendant City of Philadelphia, which has encouraged, tolerated, ratified and has been deliberately indifferent to the following policies, patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

   a. Legal cause to enter a home during the execution of an arrest or search warrant;

   b. Legal cause to stop, detain, and/or arrest a citizen;

   c. Proper procedures for determining whether a wanted individual would be found at a particular location or address;

   d. Proper procedures for the use and show of force during the entry of a home;

   e. Police officers' duties and responsibilities to engage in proper investigative techniques;

f. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

g. The hiring and retention of officers who are unqualified for their employment position; and

h. The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia police officers.

37. Defendant City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as the plaintiffs.

38. Defendant City of Philadelphia is deliberately indifferent to the need to train, supervise and discipline police officers. The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

a. There are excessive and chronic delays in resolving disciplinary complaints;

b. There is a lack of consistent, rational and meaningful disciplinary and remedial actions;

c. There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct.

d. The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

e. The PPD discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not being penalized in proportion to the number of violations.

f. The conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations;

g. A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

h. There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;

i. The PPD lacks an effective early warning system to identify, track and monitor "problem" officers.

j. IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases; and

k. IAD fails to acknowledge the disproportionate and extreme use of force used by police officers in the investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force.

**Count III**
**Plaintiffs v. Defendants Centeno, Domenic, Peters, Jones and Griffin**
**State Law Claims**

39. The actions of defendants Centeno, Domenic, Peters, Jones and Griffin constituted the torts of assault, battery, false arrest, and false imprisonment under the laws of the Commonwealth of Pennsylvania.

**Wherefore**, the plaintiffs respectfully request:

A. Compensatory damages as to all defendants;

B. Punitive damages as to defendants Centeno, Domenic, Peters, Jones and Griffin;

C. Reasonable attorneys' fees and costs as to all defendants;

D. Such other and further relief as may appear just and appropriate.

E. Plaintiffs hereby demand a jury trial.


*S/ Paul Messing*
Paul Messing
I.D. No. 17749
KAIRYS, RUDOVSKY, MESSING, FEINBERG & LIN
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
215-925-4400
215-925-5365 (fax)
pmessing@krlawphila.com

*Counsel for Plaintiffs*